**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**


**MARPLE ALTON,**                                    **3:17-cv-00048-BR**

        **Plaintiff,**                          **OPINION AND ORDER**

**v.**

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social**
**Security Administration,**

        **Defendant.**


**MERRILL SCHNEIDER**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

---

    [1]  On January 23, 2017, Nancy A. Berryhill was appointed
Acting Commissioner of Social Security and pursuant to Federal
Rule of Civil Procedure 25(d) is substituted as Defendant in this
action.

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**MICHAEL S. HOWARD**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 MS 221A
Seattle, WA 98104-7075
(206) 615-2539

         Attorneys for Defendant


**BROWN, Judge.**

Plaintiff Marple Alton seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.

This matter is now before the Court on Plaintiff's Complaint in which she seeks review of the Commissioner's decision and the Commissioner's Motion to Remand (#18) for further administrative proceedings on the ground that the Administrative Law Judge (ALJ) erred at Step Five.

Following a review of the record, the Court **REVERSES** the

Commissioner's decision, **DENIES** the Commissioner's Motion to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for SSI and DIB on October 9, 2013.  Tr. 277, 279.[2]  Plaintiff alleged a disability onset date of August 10, 2013.  Her applications were denied initially and on reconsideration.  An ALJ held a hearing on May 13, 2016.  Tr. 39-71.  At the hearing Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney.

On June 16, 2016, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 17-33.  On November 15, 2016, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-7.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on July 19, 1953.  Tr. 277.  Plaintiff

---

[2] Citations to the official transcript of record filed by the Commissioner on June 1, 2017, are referred to as "Tr."

was 62 years old at the time of the hearing.  Plaintiff has a
GED.  Tr. 77.  Plaintiff has past relevant work experience as a
"material expeditor and expeditor."  Tr. 31.

Plaintiff alleges disability due to depression, high blood
pressure, sleep apnea, bipolar disorder, and history of a stroke.
Tr. 180.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 23-24, 27-31.

**STANDARDS**

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459–60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite her limitations.  20 C.F.R.

§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling

(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a

day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,

at *1.  In other words, the Social Security Act does not require

complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.*

*Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair*

*v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine

whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the

burden shifts to the Commissioner to show a significant number of

jobs exist in the national economy that the claimant can perform.

*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th

Cir. 2010).  The Commissioner may satisfy this burden through the

testimony of a VE or by reference to the Medical-Vocational

Guidelines set forth in the regulations at 20 C.F.R. part 404,

subpart P, appendix 2.  If the Commissioner meets this burden,

the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),

416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her August 10, 2013, alleged onset date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of a fracture of the left lower extremity, obesity, atrial fibrillation, and congestive heart failure.  Tr. 21.  The ALJ found Plaintiff's bipolar disorder and anxiety are not severe.  Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 24.  The ALJ found Plaintiff has the RFC to perform light work.  Tr. 25.  The ALJ found Plaintiff can stand and walk "at least four hours in an eight hour day up to six hours in an eight hour day," can sit "for a full eight hours," and "requires a cane when walking over rough terrain and slopes."  Tr. 25.

At Step Four the ALJ concluded Plaintiff cannot perform her past relevant work.  Tr. 31.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 32.  Accordingly, the ALJ found Plaintiff is not disabled.

**<u>DISCUSSION</u>**

Plaintiff contends the ALJ erred (1) at Step Two when he found Plaintiff's mental-health impairments are nonsevere and (2) at Step Five when he found Plaintiff could do other jobs that exist in the national economy.

In her Motion to Remand the Commissioner concedes the ALJ erred at Step Five when he failed to identify a "significant range" of work as required by Rule 202.00(c). 20 C.F.R. pt. 404, subpt. P, appl. 2. The Commissioner moves the Court to remand this matter for further proceedings on that issue.

**I.    The ALJ erred at Step Five**.

Plaintiff alleges the ALJ erred at Step Five when he failed to identify a "significant range" of work as required by Rule 202.00(c).

As noted, at Step Five the Commissioner must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. The burden shifts to the Commissioner at Step Five to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9ᵗʰ Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20

C.F.R. part 404, subpart P, appendix 2.  If the Commissioner

meets this burden, the claimant is not disabled.  20 C.F.R.

§§ 404.1520(g)(1), 416.920(g)(1).

Rule 202.00(c) provides:

> [F]or individuals of advanced age who can no
> longer perform vocationally relevant past work and
> who have a history of unskilled work experience,
> or who have only skills that are not readily
> transferable to a *significant range* of
> semi-skilled or skilled work that is within the
> individual's functional capacity, or who have no
> work experience, the limitations in vocational
> adaptability represented by functional restriction
> to light work *warrant a finding of disabled*.

20 C.F.R. pt. 404, subpt. P, app. 2 (emphasis added).  In

*Lounsburry v. Barnhart*, 468 F.3d 1111, 1116 (9th Cir. 2006), the

Ninth Circuit explained:

> The specific issue we confront is the meaning of
> the phrase "significant range of work."  The
> Commissioner takes the position that the term
> "work" refers to individual *jobs*, and the phrase
> "significant range" only requires Lounsburry to
> adjust to other work existing in significant
> numbers in the national economy in one or more
> occupations.  However, the term "work" under Rule
> 202.00(c) means distinct *occupations*, and
> "significant numbers" is no substitute for and
> cannot satisfy the plain language of Rule
> 202.00(c) requiring a "significant range of . . .
> work. . . .  We thus construe the phrase
> "significant range of ... work" in Rule 202.00(c)
> to require a significant number of occupations."

Emphasis in original.

Here the ALJ concluded Plaintiff could perform one aspect of

the job of expeditor.  The ALJ did not find Plaintiff could do a

"significant number" of "distinct occupations" as required for a

finding of not disabled under Step Five pursuant to Rule

202.00(c).

The Commissioner concedes the ALJ erred when he failed to

identify a "significant range" of work that Plaintiff could

perform as required by Rule 202.00(c).

On this record the Court concludes the ALJ erred at Step

Five when he failed to identify a "significant range" of work as

required by Rule 202.00(c).

## II. The Court remands this matter for the immediate calculation and award of benefits.

The decision whether to remand for further proceedings or

for immediate payment of benefits generally turns on the likely

utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172,

1179 (9th Cir. 2000). When "the record has been fully developed

and further administrative proceedings would serve no useful

purpose, the district court should remand for an immediate award

of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.

2004).

The decision whether to remand this case for further

proceedings or for the payment of benefits is a decision within

the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or

for immediate payment of benefits generally turns on the likely

utility of further proceedings. *Id.* at 1179. The court may

"direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman*, 211 F.3d at 1178.  The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting . . .
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

The Court has determined the ALJ erred at Step Five when he failed to identify a "significant range" of work that Plaintiff could perform as required by Rule 202.00(c).  The Commissioner asserts this matter should be remanded for further proceedings to provide the VE with an opportunity to identify more jobs that Plaintiff could perform.  The Commissioner relies on the VE's statement at the hearing that "some more industry is in there but it would take me a bit more time" to support the VE's assertion that the she could identify more jobs that Plaintiff could perform.

Plaintiff, however, notes the VE's statement when taken in context, indicates the VE would not be able to identify more occupations that Plaintiff could perform even if she had a second opportunity to do so.  Specifically, the VE testified:

> Okay.  The reason I'm asking these questions is I'm looking up - I think [Plaintiff] would have the transferrable skills to the one job . . . as the expeditor, just . . . that particular job . . . .  I think that would be the only job that would come up, would be doing that particular aspect of the past relevant work, but not the other kind.
>
> * * *
>
> Your Honor, the reason I'm taking so long is I don't quite the -- the numbers that I'm being given are so low, I don't quite believe them, so, I'm trying to see what other OES groups might be able to be included.  That's why it's taking me a little bit longer.  For instance, I added home furnishing stores, which was one of the groups that I basically -- where she worked and I added a couple of others.  I can do a little bit more research, but with what I've done so far, it shows about 19,000 jobs, nationally.  I think that they're what the OES probably shows.  Some more industry is in there, but it would take me a little bit more time.

Tr. 68-69.  The VE, therefore, did not indicate she could identify other occupations if she had more time, but rather that she could potentially testify to a higher number of jobs in the one identified occupation if she researched other industries. The Ninth Circuit made clear in *Lounsburry* when the "record . . . establishes that [the plaintiff's] skills would transfer to . . . one occupation at her residual functional capacity[, that] does

not constitute a significant range of work" within the meaning of Rule 202.00(3).  468 F.3d at 1116.

The Court concludes the Commissioner has not established the VE would likely be able to identify on remand other occupations that Plaintiff could perform and thus identify a significant range of work Plaintiff could perform.  The Court, therefore, concludes this matter should not be remanded for further proceedings.  *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).  *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.[3]

#### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner, **DENIES** the Commissioner's Motion (#18) to Remand for further administrative proceedings, and **REMANDS** this matter

---

[3] Because the Court has determined this matter should be remanded for the immediate calculation and award of benefits due to the Commissioner's error at Step Five, the Court does not address Plaintiff's allegation of error at Step Two.

pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 3rd day of January, 2018.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge